JOHN ADAMS, Treasurer, &c., *v.* GEORGE FARMER, Master of barge or vessel, "General Taylor."

The use of the words "ship and vessel," in the act relating to harbor masters, passed March 16, 1850, (Laws of 1850, chap. 72, p. 81,) places under their control any floating structure, making use of a private dock, wharf, or slip in the city of New York.

The act applies exclusively to private property, and not to any of the public wharves, docks, or slips, belonging to the corporation of New York.

The word "stream," in the statute, embraces all the waters of the East and North rivers, lying within the limits of the city, and the wharves thereof. Vessels fastened to a wharf, are in the "stream," and subject to the control of a harbor master, as fully as if lying in the centre of the river.

The power given to a harbor master, is "to regulate and station" vessels in general, and is not limited in its exercise to cases where other vessels require to be immediately accommodated in receiving or discharging cargoes.

THIS suit was brought by the treasurer of the New York Hospital, to recover the penalty provided in § 3 of the act relating to the harbor masters of this port, passed March 16, 1850. (Laws of 1850, chap. 72, p. 81.) The defendant was the owner of a boat or scow, having a deck, but which, the witnesses testified, was not a sloop, schooner, or ship. It was called a barge, and was used in the business of buying and selling "market truck." The scow lay at a private pier, of which the defendant was lessee, when a harbor master ordered it to be removed, and was met by the defendant with a refusal to comply with the direction. It did not distinctly appear, that there was any immediate necessity for the removal, to make room for vessels ready to take or discharge their cargoes.

The defendant moved for a nonsuit in the court below, on

the grounds, 1. That the act applies to public property, and that the right to control private wharves, &c., is only to be exercised in reference to the public health. 2. The power of the harbor masters is confined to ships or vessels, commonly known as such, and subject to register and enrollment in the custom house. 3. A literal construction of the act gives the harbor master no control over any vessel not actually lying in the " *stream.*" 4. To give him a right to direct the removal, other vessels must have required immediate accommodation.

The marine court gave judgment of nonsuit, and the plaintiff appealed.

*Charles Donohue*, for the appellant.

*Philip S. Crooke*, for the respondent.

By the Court. Daly, J.—We think the court below erred, and that the scow in question must be deemed a vessel within the meaning and purpose of the act. The term vessel, in an enlarged and general sense, means any structure intended to float upon the water. Its signification, in a statute, depends upon the nature of the enactment, upon the purpose intended by the act. Thus, in many statutes, it denotes a particular class or kind. In the statute under consideration, it embraces and brings under the control of the harbor master any floating structure making use of the dock for the purposes of business or otherwise.

The act applies exclusively to private wharves and slips. This is evident, if any doubt had previously existed, from the act of April 17, 1851, which declares that it shall not apply to the *public* wharves or slips which are under the control and subject to the regulations of the corporation.

The word " stream," in the statute, embraces all the waters of the East and North rivers, lying within the limits of the city, and the wharves thereof. It applies to no particular part within these limits; and in contemplation of the statute, a vessel

fastened to one of the wharves, is in the stream as fully as a vessel lying in the centre of the river.

The power given by the statute to the harbor masters, is general. It is a general power to regulate and station vessels, and is not limited to cases where other vessels require to be immediately accommodated, in receiving or discharging cargoes.

There is nothing in this case that will prevent the court interfering, if the judgment below is erroneous, although the error is produced by the judge granting a nonsuit, instead of submitting the case upon the facts to the jury.

Judgment reversed, with costs.